1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

8

## DISTRICT OF NEVADA

9

\* \* \*

10

| | | |
|---|---|---|
| GEORGE H. LARSEN, | ) | Case No.: 2:06-cv-00153-RLH-RJJ |
| Plaintiff, | ) | |
| | ) | **O R D E R** |
| vs. | ) | |
| | ) | (Motion for Summary Judgment–#25, |
| CITY OF HENDERSON; a Nevada municipal | ) | ERRATA–#26) |
| corporation; JIM NORMAN, individually and as | ) | |
| a representative of co-defendant City of | ) | |
| Henderson; SALLY IHMELS, individually and | ) | |
| as a representative of co-defendant City of | ) | |
| Henderson; ROES, INC. I-V, and JOHN DOES | ) | |
| I-X, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

11
12
13
14
15
16
17
18
19

Before the Court is Defendants City of Henderson ("City"), Jim Norman

20

("Norman") and Sally Ihmels' ("Ihmels") **Motion for Summary Judgment** (#25, ERRATA #26),

21

filed March 15, 2007.  The Court has also considered Plaintiff George Larsen's Opposition (#30),

22

filed April 19, 2007, and Defendants' Reply (#32), filed May 3, 2007.

23

## BACKGROUND

24

At the time that the facts of this case occurred, Plaintiff was approximately 79 years

25

old and frequented the Henderson Senior Center ("Center") in Henderson, Nevada.  At the Center,

26

Plaintiff participated in bridge games, attended meetings concerning senior citizen issues, and was seemingly an active participant in the community.  Following allegations of serious inappropriate conduct against Plaintiff by certain Center participants, specifics of which were not immediately made known to Plaintiff, the City informed him that an investigation was being conducted and that he was banned from the Center pending its completion.

Following the completion of the City's investigation, Defendant Norman, the Director of the Department of Parks and Recreation for the City, informed Plaintiff that the allegations against him included a sexual comment directed toward a Center participant and the inappropriate touching of another.  No other details were outlined.  For these actions, Plaintiff was suspended from the Center and all other City recreational facilities for one year.

After his suspension, Plaintiff sought additional details from Defendants concerning the incidents.  Defendants refused and Plaintiff thereafter filed the instant litigation.  At issue in the current Motion for Summary Judgment are Plaintiff's claims for violations of Nevada's open meeting law, defamation, intentional infliction of emotional distress, civil conspiracy and a § 1983 claim.

For the following reasons, the Court grants summary judgment in favor of Defendants on all causes of action except for Plaintiff's § 1983 claim.  Additional relevant facts are outlined below.

## DISCUSSION

### I.  Summary Judgment Standard

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  An issue is "genuine" only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party, and a dispute is "material" only if it could affect the outcome of the suit under the governing law.  *Anderson v. Liberty Lobby,*

AO 72
(Rev. 8/82)

1   *Inc.*, 477 U.S. 242, 248 (1986).  The party moving for summary judgment has the burden of

2   showing the absence of a genuine issue of material fact, and the court must view all facts and draw

3   all inferences in the light most favorable to the non-moving party.  *Blanck v. Hager*, 360 F. Supp.

4   2d 1137, 1148 (D. Nev. 2005) (citations omitted).

5           In response to a properly submitted summary judgment motion, the burden shifts to

6   the opposing party to set forth specific facts showing that there is a genuine issue for trial.

7   *Henderson v. City of Simi Valley*, 305 F.3d 1052, 1055-56 (9th Cir. 2002).  The non-moving party

8   "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or

9   admissible discovery material, to show that the dispute exists." *Bhan v. NME Hosp., Inc.*, 929 F.2d

10   1404, 1409 (9th Cir. 1991).

11   **II.  Motion for Summary Judgment**

12           Defendants move for summary judgment on the following causes of action: (1)

13   violation of Nevada's open meeting law; (2) defamation; (3) intentional infliction of emotional

14   distress; (4) civil conspiracy; and (5) violation of civil rights under 42 U.S.C. § 1983.  Plaintiff

15   concedes the entry of summary judgment in favor of Defendants on his violation of the open

16   meeting law and civil conspiracy claims.  On the remaining causes of action, the Court grants

17   summary judgment in favor of Defendants on Plaintiff's intentional infliction of emotional distress

18   and defamation claims and denies summary judgment on his § 1983 claim.

19           **A.  Intentional Infliction of Emotional Distress**

20           The elements of an intentional infliction of emotional distress claim include: (1)

21   extreme and outrageous conduct with either the intention of, or reckless disregard for, causing

22   emotional distress; (2) severe or extreme emotional distress suffered by the plaintiff; and (3) actual

23   or proximate causation.  *Star v. Rabello*, 625 P.2d 90, 92 (Nev. 1981).  Regarding the second

24   element, where emotional distress damages are claimed in the absence of physical impact or

25   injury, proof of serious emotional distress causing physical injury or illness must be presented.

26   *Oliver v. Lowe*, 995 P.2d 1023, 1025 (Nev. 2000).  Here, assuming *arguendo* that Defendants'

AO 72
(Rev. 8/82)

1    action in ousting Plaintiff from all City recreational facilities constituted extreme and outrageous

2    conduct and that it was the proximate cause of Plaintiff's suffering, the Court finds that Plaintiff

3    cannot show that his distress was either severe or extreme.

4           Following his banishment from City recreational facilities, Plaintiff affirms that on

5    the advice of his doctor about how to handle the stress he endured from the situation, Plaintiff left

6    town and visited a friend in Colorado to get away for a while.  He admits that he received no

7    professional counseling or therapy for his distress and, medically, he continued taking the same

8    medications he had prior to the incident.  Supporting Plaintiff's testimony is the affidavit of Joyce

9    Haas, Plaintiff's friend with whom he stayed in Colorado, who stated that Plaintiff "was frustrated,

10   nervous, agitated, and exhibited all the signs and symptoms of an individual under great stress."

11   (Opp'n, Haas Aff. at 2.) She further stated that "[t]he only therapy [she] could prescribe was to

12   forget about it and relax."  (*Id.*)

13          While the evidence submitted in support of Plaintiff's claim indicates that he was at

14   least somewhat distressed about being ousted from all City recreational facilities, the Court finds

15   that it does not rise to the level of severe or extreme emotional distress.  Plaintiff alleges in his

16   Complaint that Defendants' conduct aggravated and enhanced certain of his pre-existing physical

17   disabilities, yet contradicts the allegation in his affidavit by stating that he "monitored [himself]

18   and regulated essentially the same medication [he] had been taking for diabetes, pain, and

19   inflammation."  (Opp'n, Larsen Aff. at 8.)  Further, Haas's sworn statement that she told Plaintiff

20   to relax and forget about the situation suggests to the Court that not even she believed Plaintiff's

21   distress was severe or extreme.  Plaintiff has not submitted any additional or alternative evidence

22   to show that he suffered severe emotional distress.  *Miller v. Jones*, 970 P.2d 571, 577 (Nev. 1998)

23   (finding that plaintiff could not sustain his emotional distress claim where although he stated that

24   he was depressed for some time, he did not seek any medical or psychiatric assistance and

25   presented no objectively verifiable evidence of the severity of his distress).

26   / /

AO 72
(Rev. 8/82)

1    For these reasons, the Court enters summary judgment in favor of Defendants on

2    Plaintiff's intentional infliction of emotional distress claim.

3    **B. Defamation**

4    Under Nevada law, a plaintiff suing for defamation must establish: (1) a false and

5    defamatory statement of fact by the defendant concerning the plaintiff; (2) an unprivileged

6    publication to a third person; (3) fault, amounting to at least negligence; and (4) actual or

7    presumed damages. *Pope v. Motel 6*, 114 P.3d 277, 282 (Nev. 2005). Defendants dispute that any

8    alleged defamatory statements were published or made.

9    First, Defendants argue that should the City's suspension letters constitute

10   defamatory statements, they were not published because they were not distributed to anyone

11   outside the City government. The Court agrees. Plaintiff has brought forth no evidence

12   contradicting this assertion and therefore the suspension letters cannot sufficiently support his

13   defamation claim. Second, the Parties dispute whether an alleged announcement made by a City

14   employee, Susan Bobby ("Bobby"), the Director of the Center, was defamatory. Defendants not

15   only dispute that the announcement was made, they further dispute that it was defamatory in

16   nature.

17   According to the declaration of Harold Winall ("Winall"), a Center participant who

18   alleges to have witnessed the announcement, Bobby entered the bridge room of the Center and

19   announced to all those present that an investigation into Plaintiff's conduct was being conducted

20   and that anyone with information should meet in the library. Winall states that though he does not

21   recall the exact language used, "there's no question but that they were looking for something

22   adverse." (Opp'n, Winall Decl. at 1.) In contrast, Bobby affirms that she never made a public

23   announcement but admits stating to certain individuals that if they needed to discuss anything

24   related to Plaintiff, Center officials were available for discussion. Moreover, Bobby denies that

25   she told the Center participants that an investigation was being conducted.

26   / /

AO 72
(Rev. 8/82)

1         Taking the allegations against Defendants as true for purposes of summary

2    judgment, the Court finds that Bobby's alleged announcement of an investigation cannot be found

3    defamatory by a reasonable jury.  A statement is defamatory when it "tend[s] to lower the subject

4    in the estimation of the community, excite derogatory opinions about the subject, and hold the

5    subject up to contempt."  *Pegasus v. Reno Newspapers, Inc.*, 57 P.3d 82, 88 (Nev. 2002).  An

6    investigation into a person's actions does not necessarily imply that some type of negative conduct

7    occurred.  A finding that an announcement of an investigation is defamatory in nature would

8    effectively hinder an entity's, such as the City's, ability to carry out the investigation.  While

9    Winall declares that Bobby's announcement indicated that she was looking for "something

10   adverse," Plaintiff does not allege that Bobby detailed the nature of the investigation to those

11   present at the Center so as to allow those who heard the purported announcement to draw any

12   negative inferences about Plaintiff.  Thus, the announcement, if made, was not defamatory.

13        Accordingly, the Court enters summary judgment in favor of Defendants on

14   Plaintiff's defamation claim.

15   **B.  42 U.S.C. § 1983**

16        Plaintiff brings a § 1983 claim for violations of his right to freedom of speech,

17   freedom of association and due process against the City, and Norman and Ihmels in their official

18   capacities.  In the Court's earlier motion to dismiss Order (Dkt. #16), the Court found that

19   Defendants' one year ban from all City recreational facilities could be found to have burdened

20   Plaintiff's rights to freedom of speech and association because it prohibited all speech, regardless

21   of content, and because it denied him physical access to all facilities, at all times, and for all

22   purposes.  Particularly, it stated that the restriction's duration was excessive and its scope not

23   narrowly tailored because, for example, Defendants could have served the governmental interest in

24   preventing Plaintiff from sexually harassing female bridge players by restricting Plaintiff from

25   attending the bridge games only at the Center where the alleged incidents took place.  In its current

26   summary judgment motion, Defendants fail to address the Court's concerns about the perceived

AO 72
(Rev. 8/82)

1   excessiveness of these restrictions.  While Defendants note that Plaintiff was invited to public

2   meetings and provided certain documents to Plaintiff, those limited efforts fail to address the full

3   scope of the restriction, as public meetings were just one activity among many from which

4   Plaintiff's access was restricted.

5          Similarly, Defendants fail to address the due process concerns raised by the Court

6   in the same Order.  On this issue, the Court noted the City's lack of proper notice to Plaintiff

7   regarding the investigation, the lack of detail surrounding the alleged misconduct by Plaintiff, and

8   the denial of an opportunity for Plaintiff to be heard.  Nowhere in Defendants' motion are these

9   issues addressed.  For these reasons, the Court finds that Defendants have failed to meet their

10  summary judgment burden on Plaintiff's § 1983 claim and, accordingly, the Court denies summary

11  judgment on this cause of action.

## CONCLUSION

13         Accordingly, and for good cause appearing,

14         IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment (#25,

15  ERRATA #26) is GRANTED in part and DENIED in part as follows:

16         1.  GRANTED in favor of Defendants on Plaintiff's claims for violations of

17  Nevada's open meeting law, defamation, intentional infliction of emotional distress and civil

18  conspiracy.

19         2.  DENIED on Plaintiff's § 1983 claim.

21         Dated: June 7, 2007.

_____
**ROGER L. HUNT**
**Chief United States District Judge**

AO 72
(Rev. 8/82)